Herman Lee **HARRISON**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 5767.

District of Columbia Court of Appeals.

Argued Aug. 2, 1971.

Decided Sept. 17, 1971.

Charles A. Kubinski, Washington, D. C., appointed by this court, for appellant.

John S. Ransom, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Raymond Banoun, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

FICKLING, Associate Judge.

Appellant was convicted of receiving stolen property in violation of D.C.Code 1967, § 22–2205. On appeal he contends the Government failed to establish the essential elements of knowledge of the stolen nature of the property and receipt of such stolen property. He argues, principally, that his conviction was based on improper and insufficient evidence. After careful consideration, we find no reversible error and we affirm.

Three witnesses testified for the Government in this nonjury trial. Appellant presented no evidence. Mrs. Mary Burgin testified that after a rug, which had been removed from her house by employees of a rug cleaning company, had been returned, she discovered that a pistol which was kept on the rug beneath her couch was missing. She further testified that she had not been present when the rug was removed for cleaning and, consequently, could not identify the men who had removed it. Mrs. Burgin called the rug cleaning concern and reported the incident.

Lemuel Gainyard, one of the employees sent to Mrs. Burgin's home to remove the rug, testified that he was working with a man named Harrison—later identified as Joe Harrison, appellant's brother. After they had removed the rug and had returned to their truck, Gainyard noted that Joe Harrison had a pistol. Upon inquiry Harrison stated that he had found the pistol. According to Gainyard he and Harrison then agreed to split any proceeds from the sale of the weapon. About one week later Gainyard and Harrison went to a police station after a police officer had been to the cleaning company and inquired about the missing pistol. They were joined at the police station by appellant. While the three men were seated together at the station, Joe Harrison stated on two occasions that he had sold the gun to appellant.

Officer Matthew Schuster testified that he had questioned Gainyard and Joe Harrison at the rug plant after receiving a report from the plant manager concerning the missing pistol. He later questioned Gainyard, Joe Harrison, and appellant at the station house. Officer Schuster advised appellant of his rights; appellant stated that he knew his rights and signed a statement acknowledging that he had been advised of his rights. Schuster then asked appellant if what had been learned through his conversations with Gainyard and Joe Harrison was true, i. e., that "the defendant did purchase a weapon, which was taken from the complainant's home."[1] According to

---

1. Tr. at 41.

Schuster appellant responded, "that he gave his brother Joe, twenty dollars for this weapon, and that he sold this weapon to a Dude on the street." [2] Appellant then stated that he thought he could recover the gun and that if he could come back the next day "he would probably have it with him." [3] Appellant failed to return and was arrested pursuant to a warrant on December 19, 1970.

Appellant contends that his statement concerning purchasing the pistol from his brother and selling it was an uncorroborated confession which should not have been admitted in evidence. He argues that the confession was uncorroborated because the only evidence supporting it was the improperly admitted hearsay testimony of Gainyard and Officer Schuster relating statements made by appellant's brother. The Government responds that the hearsay testimony is admissible under the adoptive admission exception to the hearsay rule and that the testimony was sufficient to corroborate appellant's confession.

■ Testimony that an accused adopted statements of another person as his own admissions may be admitted in evidence as an exception to the hearsay rule "if it clearly appears that the accused understood and unambiguously assented to those statements." Naples v. United States, 120 U.S. App.D.C. 123, 126, 344 F.2d 508, 511 (1964); *accord*, Skiskowski v. United States, 81 U. S.App.D.C. 274, 158 F.2d 177 (1946), cert. denied sub nom., Quinn v. United States, 330 U.S. 822, 67 S.Ct. 769, 91 L.Ed. 1273 (1947). *See also* McCormick, Evidence § 246, at 525 (1954); 4 Wigmore, Evidence § 1071 (3d ed. 1940). Whether the party's conduct manifested his assent to the statement of the other person is a preliminary question of fact for the trial judge. Naples v. United States, *supra*, 120 U.S.App.D.C. at 127, 344 F.2d at 512, *quoting* McCormick, Evidence § 246, at 527 (1954).

■ In the instant case appellant was warned of his rights and questioned while in a room with his brother and another individual. When asked whether the statements of his brother and Gainyard, which inculpated him, were correct, the appellant neither denied his guilt nor remained silent. He answered the question by stating, in Officer Schuster's words, that "[appellant] did purchase a weapon, which was taken from the complainant's home." [4] Implicit in this statement is an acknowledgment that statements made in appellant's presence by appellant's brother and Gainyard were correct, *i. e.*, that appellant's brother stole the pistol from Mrs. Burgin's home and sold the pistol to appellant. Thus, we cannot say that it was clearly erroneous for the trial court to find that appellant's statement was an understanding and unambiguous adoption of the statements of Gainyard and appellant's brother. We hold, therefore, that the hearsay statements were properly admitted in evidence.

We now turn to a consideration of whether there was sufficient independent evidence to corroborate appellant's confession.

At the outset we note that appellant does not assert that any of the statements attributed to him were either inaccurate or obtained in violation of any of his rights. His sole contention is that the hearsay statements were insufficient to corroborate his confession and that, therefore, the confession should have been stricken from the record.

The Supreme Court has expressed the rule for corroboration as follows:

> [C]orroborative evidence need not be sufficient, independent of the statements, to establish the corpus delicti. It is necessary, therefore, to require the Government to introduce substantial independent evidence which would tend to establish the trustworthiness of the statement.

2. *Id.* at 42.

3. *Id.*

4. *Id.* at 41.

Thus, the independent evidence serves a dual function. It tends to make the admission reliable, thus corroborating it while also establishing independently the other necessary elements of the offense. Smith v. United States, [348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954)]. It is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth. Those facts plus the other evidence besides the admission must, of course, be sufficient to find guilt beyond a reasonable doubt. [Opper v. United States, 348 U.S. 84, 93 (1954), 75 S.Ct. 158, 164, 99 L.Ed. 101.]

■ Although the record is unclear as to the precise language of appellant's response, we find that the statement as reported by Officer Schuster could reasonably be characterized as a confession because it contained all elements of the offense, i. e., knowing receipt of stolen property with intent to defraud.[5] We also note that appellant refers to his statement as a confession rather than an admission. Smith v. United States and Opper v. United States, *supra*, clearly indicate that a confession can be corroborated by evidence which tends to establish its trustworthiness. The corroborative evidence need not be sufficient, independent of a confession, to establish all elements of the crime allegedly committed. The independent evidence need only show sufficient corroborating information so that, when combined with the confession, guilt is established beyond a reasonable doubt. United States v. Abigando, 439 F.2d 827, 832–

833 (5th Cir. 1971); United States v. Charpentier, 438 F.2d 721, 724 (10th Cir. 1971); United States v. Seckler, 431 F.2d 642, 643 (5th Cir. 1970); Scarbeck v. United States, 115 U.S.App.D.C. 135, 154–155, 317 F.2d 546, 565–566 (1962), cert. denied, 374 U.S. 856, 83 S.Ct. 1897, 10 L.Ed.2d 1077 (1963); Smoot v. United States, 114 U.S.App.D.C. 154, 312 F.2d 881 (1962). *See also* Annot., Corroboration of Extrajudicial Confession or Admission, 45 A.L.R.2d 1316 (1956).

The quantum of corroboration required has been said to be that amount which will

> preserve the integrity of the right against self-incrimination, the presumption that every accused is innocent until his guilt is established beyond a reasonable doubt and the accusatorial nature of our system.

Naples v. United States, *supra*, 120 U.S. App.D.C. at 129, 344 F.2d at 514.

■ We think the properly admitted hearsay statements of appellant's brother and the testimony of Gainyard, together with the testimony of Mrs. Burgin, meet the standards for corroboration discussed above. Taken as a whole this extrinsic evidence clearly indicates that appellant purchased a pistol from his brother, which he knew or could reasonably be expected to know was stolen from Mrs. Burgin. Therefore, the confession was sufficiently corroborated by extrinsic evidence to be admissible in evidence.

. Affirmed.

---

5. D.C.Code 1967, § 22–2205. Receiving Stolen Goods.

Any person who shall, with intent to defraud, receive or buy anything of value which shall have been stolen or obtained by robbery, knowing or having cause to believe the same to be so stolen or so obtained by robbery, if the thing or things received or bought shall be of the value of $100 or upward, shall be imprisoned for not less than one year nor more than ten years; or if the value of the thing or things so received or bought be less than $100, shall be fined not more than $500 or imprisoned not more than one year, or both.