**UNITED STATES of America**

v.

**Jimmy Otis WOOTEN and Claude Thomas Wallace.**

**Crim. A. No. 17083.**

United States District Court
E. D. Tennessee, N. D.

Feb. 5, 1965.

---

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for plaintiff.

Ray Lee Jenkins, Knoxville, Tenn., for Wooten.

George Finch, Atlanta, Ga., for Wallace.

TAYLOR, Chief Judge.

The indictment charges in this case that on or about August 14, 1962, Jimmy Otis Wooten and Claude Thomas Wallace transported in interstate commerce from Knoxville, Tennessee, within the Northern Division of the Eastern District of Tennessee, to Atlanta, Georgia, a motor vehicle, to-wit, a 1961 Ford Galaxie, 2-door, hard top, bearing Vehicle Identification No. IG57W137178 knowing the same to have been stolen, in violation of Title 18, Section 2312, of the United States Code.

The definition of a motor vehicle is set forth in Section 2311 of the same Title:

" 'Motor vehicle' includes an automobile, automobile truck, automobile wagon, motorcycle, or any other self-propelled vehicle designed for running on land but not on rails."

Webster's New Twentieth Century Dictionary of the English Language, Unabridged, Second Edition, 1964, defines an automobile thus:

"automobile, a car, usually four wheeled, propelled by an engine or motor that is part of it, and meant for traveling on streets or roads; a motor car."

At the conclusion of the proof the defendants made a motion for acquittal upon the ground that the evidence failed to show that the defendants, or either of them, transported from the State of Tennessee to the State of Georgia a motor vehicle, or automobile, knowing the same to have been stolen within the meaning of the statute.

That motion was overruled after argument with the understanding that the legal question contained in the motion whether a frame or body of an automobile is covered by the statutory definition of a "motor vehicle" would be heard here today, February 3, 1965. The Court requested briefs from counsel dealing with the indicated technical question. Briefs have been filed.

Each party has cited cases which they say by analogy support their respective positions. The parties state that they have not been able to find any decision dealing directly with the decisive point in this case.

The Government has cited a number of cases which it says by analogy control the question here. The Court has examined each case and concludes that they are not controlling on the question presented in the motion. The defendants have cited two or three cases which they say by analogy support their position. But the Court has found nothing in them that is helpful in the resolution of the question before it.

As previously indicated, the controlling question in the case, a legal one, is whether the body of an automobile taken alone is covered by the definition of a "motor vehicle," found in Section 2311.

The Court is of the opinion that a body of an automobile is not a self-propelled vehicle within the meaning of this statute. This case has given the Court more than usual concern. The Court is satisfied beyond a reasonable doubt that the proof shows that these defendants stole, or caused to be stolen, this Davis automobile, that they legitimately purchased an automobile from Vasper Jones which had been wrecked by the original owner, Mr. Eledge; and that they placed or caused to be placed the body from the stolen automobile on the frame of the Eledge automobile.

If the Court is mistaken in its belief and its holding that a body standing alone does not constitute a motor vehicle within the meaning of Section 2311, then the verdict of the jury is sound and should be sustained. But if the body or top of the automobile alone is not a vehicle within the meaning of Section 2311, then this motion must be sustained.

The Court since the trial has tried to review in its mind the record in order to determine whether there was any evidence showing that the engine, wheels, transmission, or any other parts of the car described in the indictment were also taken from the stolen Davis car; and has reached the conclusion that the record is devoid of any evidence that the car described in the indictment as being transported by the defendants from Tennessee to the State of Georgia, knowing the same to have been stolen, contained any part taken from the stolen Davis automobile other than the body.

The Court, with great reluctance, is forced to sustain this motion, and as a part of its action it necessarily follows that the sentence which was rendered on the day of the verdict involving the defendant Wooten must be vacated.