John H. Reddy, U. S. Atty., Chattanooga, Tenn., Ottis B. Meredith, Asst. U. S. Atty., Knoxville, Tenn., of counsel, for plaintiff.

John H. Crutchfield, George G. Finch, Atlanta, Ga., for defendant.

**UNITED STATES of America,**
**Plaintiff,**

v.

**Claude Thomas WALLACE, Defendant.**

**Crim. A. No. 6801.**

United States District Court
E. D. Tennessee,
Northeastern Division.

March 6, 1965.

NEESE, District Judge.

The Court has received a letter from counsel for this defendant, stating that in counsel's opinion the facts tried in the Northern Division of this Court in criminal action No. 17,083 involved the same question that was presented to this Court herein. The Court, likewise, has received a letter from an assistant United States attorney, responsive to the aforesaid letter from defense counsel. The contention is made by defense counsel that the " * * * ruling by Judge Taylor is exactly the opposite of that ruled by * * " the undersigned.

Of course, the distinguished and learned Chief Judge of this District did not hear the testimony and charge herein, nor did the undersigned hear the testimony and charge in the aforementioned action which was tried by Chief Judge Taylor.

From his memorandum and order of February 5, 1965, United States v. Wooten, D.C., 239 F.Supp. 123, it is obvious

that Chief Judge Taylor concluded that the record in the action he tried was "* * * devoid of any evidence that the car described in the indictment as being transported by the defendants from Tennessee to the State of Georgia, knowing the same to have been stolen, contained any part taken from the stolen Davis automobile other than the body. * * *"

In the action at bar, the evidence showed without dispute that the defendant purchased an automobile which had been wrecked in Tennessee, and there was evidence from which the jury might properly have inferred that major parts of this automobile were combined with major parts of an automobile which had been stolen in Georgia. It was proven further, and without contradiction, that Mr. Wallace subsequently sold a rebuilt automobile, containing major parts from the aforesaid wrecked automobile and major parts from the aforesaid stolen automobile, through an automobile auction sale in Bristol, Tennessee.

The Court, in charging the jury, gave the statutory definition of the term "motor vehicle" as set forth in the Dyer Act, 18 U.S.C. § 2311, and buttressed this definition with judicial definitions from other forums. The Court then gave the defendant's requested charges numbered one and two, as follows:

"I charge you that to constitute a motor vehicle under this definition, it is necessary to have an engine, frame and wheels capable of traveling on land and not on rails.

"I charge you further that the body does not constitute a motor vehicle within that definition."

After having given such special requests, which were only slightly modified by the Court, the Court then added the following language:

"However, in enacting the laws which Mr. Wallace is accused in this action of violating, it was the purpose of the Congress to eliminate the interstate traffic in unlawfully obtained motor vehicles in an effort to combat effectively the rising traffic in stolen automobiles operating across state lines. And this purpose of the Congress cannot be defeated by combining parts of one stolen motor vehicle which has been moved in interstate commerce and parts of another motor vehicle which has not been stolen, into one rebuilt motor vehicle.

"So, if you should find that the motor vehicle involved in this litigation included major parts which were stolen, it is no defense that some of its parts were not stolen."

This statement of the law in the Court's charge was founded on the expressions of the majority in United States v. Turley (1957), 352 U.S. 407, 77 S.Ct. 397, 1 L. Ed.2d 430, cited more recently in Brown v. United States, C.A.8th (1960), 277 F. 2d 201. Therein, the Supreme Court of the United States reversed a dismissal of charges against Turley under the Dyer Act with the observation that the rule requiring a strict construction of criminal statutes does not mean that every criminal statute "* * * must be given the narrowest possible meaning in complete disregard of the purpose of the legislature. * * *" United States v. Turley, supra, 352 U.S. p. 413, 77 S.Ct. p. 400.

This opinion revived earlier language of the late Mr. Chief Justice Taft with reference to the purpose of the Congress in passing the Dyer Act: "* * * to devise some method for defeating the success of these widely spread schemes of larceny * * *", concerning which the Chief Justice had stated: "The quick passage of the machines into another state helps to conceal the trail of the thieves, gets the stolen property into another police jurisdiction and facilitates the finding of a safer place in which to dispose of the booty at a good price. This is a gross misuse of interstate commerce. Congress may properly punish such interstate transportation by anyone with *knowledge* of the theft because of its harmful result and its defeat of the property rights of those whose machines against their will are taken into other

jurisdictions." [Emphasis supplied.] Brooks v. United States (1925), 267 U.S. 432, 438–439, 45 S.Ct. 345, 69 L.Ed. 699.

The majority of the Court also made reference to the legislative history of the Dyer Act, as follows: " * * * The purpose of the * * * law is to suppress crime in interstate commerce. Automobiles admittedly are tangible property, capable of being transmitted in interstate commerce. The larceny of automobiles is made a crime under the laws of all the States in the Union. No good reason exists why Congress, invested with the power to regulate commerce among the several States, should not provide that such commerce should not be polluted by the carrying of stolen property from one State to another. Congress is the only power competent to legislate upon *this evil, and the purpose* of the bill *is to crush it,* with the penalties attached." [Emphasis supplied.] United States v. Turley, supra, 352 U.S. p. 413, n. 13, 77 S.Ct. p. 401, quoting from H.R.Rep. No. 312, 66th Cong., 1st Sess. at 1, 4. Later in the opinion of the majority, it was observed that: " * * * Professional thieves resort to innumerable forms of theft and *Congress presumably sought to meet the need for federal action effectively rather than to leave loopholes for* wholesale *evasion.* * * * " United States v. Turley, supra, 352 U.S. p. 416, 77 S.Ct. p. 402 [Emphasis supplied.] Even in his dissent, in which he was joined by two other Justices, the late Mr. Justice Frankfurter conceded: " * * * No doubt, penal legislation should *not be artificially restricted so as to allow escape* for those *for whom it was* with fair intendment *designed.* * * * " [Emphasis supplied.] United States v. Turley, supra, 352 U.S. p. 418, 77 S.Ct. p. 403.

The Court believes that full and accurate instructions applicable to the offenses charged in the indictment were given the jury. All of the essential elements of the offenses were charged. The jurors were instructed as to the degree, quantity, or weight of the evidence required to convict as well as their duty in weighing and considering the evidence. Included in such determination was whether the motor vehicle which the defendant Mr. Wallace sold and concealed included major parts which were stolen. The jury found that it did, and there was abundant evidence on the basis of which such inference could reasonably have been drawn.

While it may prove to be the situation that conflicting interpretations of the Dyer Act have emanated from different judges of the same Court, the undersigned judge is satisfied that the defendant Mr. Wallace in the instant action received a fair trial on proper instructions, following which the jury found him guilty as charged beyond a reasonable doubt. This being the situation, the Court sees no reason to delay the imposition of sentence herein. In other words, this Court is satisfied with the trial and verdict herein. If there is any disparity in the interpretation of the pertinent provisions of the Dyer Act as between two or more judges of this District, this can be determined in the case at bar as well as in any other action.

The clerk will forthwith serve copies of this memorandum on counsel of record herein by United States mail.