**Buddy R. EARNHART, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 22216.**

United States Court of Appeals District of Columbia Circuit.

Argued April 24, 1969.

Decided May 23, 1969.

Petition for Rehearing Denied July 2, 1969.

Mr. Robert W. Healy, Washington, D. C., with whom Mr. Thomas W. Fletcher, Washington, D. C., (both appointed by this court) was on the brief, for appellant.

Mr. Lawrence S. Margolis, Asst. U. S. Atty., with whom Mr. David G. Bress, U. S. Atty. at the time the brief was filed, Mr. Frank Q. Nebeker, Asst. U. S. Atty. at the time the brief was filed, and Mr. James A. Strazzella, Asst. U. S. Atty. at the time the brief was filed, were on the brief, for appellee.

Before PRETTYMAN, Senior Circuit Judge, and LEVENTHAL and ROBINSON, Circuit Judges.

PER CURIAM:

■ Appellant Earnhart was indicted, tried, and convicted by a judge and jury on two counts, the larceny of an automobile and the unauthorized use of that car. On this appeal he presents two contentions, which are interrelated. He says, first, there was a fatal variance between the charge in the indictment and the proof presented by the prosecution upon the trial; that the charge was of

---

1. *Cf.* Allison v. United States, 133 U.S.App.D.C. 159, 409 F.2d 445 (1969).

the larceny of a whole automobile whereas the proof was of the larceny of only parts of an automobile. He says, second, that the trial judge erred when he instructed the jurors that, if they found the defendant to be in possession of major parts of a stolen automobile, they might infer that he stole the automobile. The proof indicated that defendant stripped the stolen car, substituted other parts acquired elsewhere, and was in possession of and used the reconstituted car. We find no error. The appellant's contentions misconceive the case of the Government. The prosecution claimed, as the court correctly held, that if the defendant was found in possession of major parts of a stolen automobile the jury might infer from that circumstance, in conjunction with other evidence, that he had stolen the car.[1]

Affirmed.

1. *See* United States v. Wallace, 254 F.Supp. 653 (E.D.Tenn.1965), aff'd, 361 F.2d 494 (6th Cir. 1966).