**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jimmy Victor ABIGANDO, Defendant-**
**Appellant.**

**No. 29492.**

United States Court of Appeals,
Fifth Circuit.

March 11, 1971.

828

Louis F. Ray, Jr., of Holsberry, Emmanuel, Sheppard & Mitchell, Pensacola, Fla., for defendant-appellant.

William Stafford, U. S. Atty., Clinton Ashmore, C. W. Eggart, Jr., Asst. U. S. Attys., for plaintiff-appellee.

Before RIVES and SIMPSON, Circuit Judges, and NICHOLS, JR.,* Judge, Court of Claims.

RIVES, Circuit Judge:

■ Abigando appeals from his conviction on a two-count indictment charging separately the interstate transportation of two stolen motor vehicles in violation of 18 U.S.C. § 2312. He was sentenced to five years' imprisonment on each count, the sentences to run concurrently. While mindful of the "concurrent sentence doctrine" as enunciated in Hirabayshi v. United States, 1943, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774, which would allow us to omit consideration of one of Abigando's convictions if the other is valid, this opinion will deal with both convictions. Benton v. Maryland, 1969, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707, held that the "concurrent sentence doctrine" is not a jurisdictional bar to consideration of challenges to multiple convictions where concurrent sentences are imposed. The doctrine is one of federal appellate court convenience, and the appellate court may decide as a matter of discretion that it is unnecessary to consider all allegations. *Benton, supra*, 395 U.S. at 791, 89 S.Ct. 2056. However, we will discuss the issues raised relative to each count since there was but one confession and the offenses were somewhat entwined.

### I.

Count One of the indictment charged the transportation of a 1966 Mustang automobile, identification number 6F07 T209 546, from Mobile, Alabama, to Pensacola, Florida. This vehicle was stolen in Mobile, Alabama, on January 3, 1969, and was found around February 26, 1969, in Alabama near the Florida-Alabama border. The Government's proof that Abigando possessed this vehicle, aside from his confession, was that his fingerprint was found on the car

and a prescription bottle made out to his wife was found on the rear floorboard. There was also testimony from three witnesses that Abigando had been seen with a similarly described vehicle in Florida during the time that the stolen car was missing.

Count Two of the indictment charged the transportation of a 1965 Chevrolet, vehicle identification number 166 375D 118 082, from New Orleans, Louisiana, to Pensacola, Florida. The Government showed that a 1965 Chevrolet with this vehicle identification number, belonging to Louis Irving, Jr., was stolen from in front of his home in New Orleans on or about January 20, 1969. A car of this make and with this same identification number was recovered about February 14, 1969, in the possession of one Peter Burleson, near Pensacola, Florida. Burleson, testified that Abigando had delivered the car to him and had arranged for the car to be converted for stock car racing. Burleson also testified that the car had no motor when it came into his possession.

In addition to the above evidence, the Government introduced the oral confession made by Abigando to Federal Bureau of Investigation Agent William Bolyard. The confession covered both counts of the indictment.

### II.

Abigando raises three challenges to the voluntariness of his confession, two of which are factual issues as to what occurred during his interrogation by Agent Bolyard.

The first concerns the adequacy of the *Miranda* warning given to Abigando. Abigando signed a waiver of rights form which was admitted in evidence. Bolyard testified that he read Abigando's rights to him, that Abigando read this form and stated he understood his rights.[1] Abigando admitted that Bol-

---

* Hon. Philip Nichols, Jr., sitting by designation.

1. Both the waiver form and the warning, which Bolyard testified he gave Abigando, comply with the standards enunciated in Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

yard read his rights to him and that he must have read the form.

Abigando contends that he was told he could not have an attorney until he was charged with a crime, and that he was so worried about when he could see an attorney that he did not pay much attention to the warning the agent gave him nor to the printed form. The form repeatedly states that the accused has a right to the assistance of counsel during questioning.

The issue centers around the following question put to Agent Bolyard by defense counsel:

"Q. Did you make a statement to Mr. Abigando that if and when he was charged with a commission of a crime that if he desired an attorney, one would be appointed to represent him?

"A. That's right."

If it is correct that Abigando was told he could not have an attorney present during interrogation, the confession would be invalid. But the record does not establish this contention. The record of the proceedings immediately following the above-quoted question and response indicates strongly that even the trial judge did not appreciate the distinction which defense counsel was attempting to draw between advising of the right to counsel and stating in, effect, that there was no such right during interrogation.

▮ The wording is that of defense counsel, not of the witness. In light of the other evidence indicating that a proper warning was given, this statement is not a sufficient basis for upsetting the determination by the trier of fact that a proper warning was in fact given.

Next, Abigando contends that his confession was involuntary because his wife's prescription bottle, found in the Mustang, was displayed to him and he was threatened that either he or his wife was going to jail. While there is some conflict as to whether or not the bottle was displayed to Abigando, it is undisputed that he was informed of its existence and where it was found.

Monroe Matheny, an Escambia County, Florida, deputy sheriff, was present with Agent Bolyard during this part of the interrogation of Abigando. He testified Bolyard told Abigando that they knew either he or his wife had "some connection" with the Mustang. Bolyard was never asked whether or not he had stated that there was "some connection," but he did deny threatening to prosecute Abigando's wife.

▮ Of course, threatening to prosecute Abigando's wife with the evidence the officers had at the time would have been improper. It is also possible that being told that his wife had some connection with the Mustang could have been interpreted in Abigando's mind as a threat to prosecute her. But again we find there is an insufficient basis for upsetting the finding of voluntariness.

In his third argument attacking the voluntariness of his confession, Abigando attempts to show that he confessed while under severe mental stress. The above arguments that he thought he could not have counsel during questioning and his belief that his wife was being threatened with prosecution are put forth as factors adding to his mental stress.

In addition, Abigando was admitted to a hospital in New Orleans on February 12, 1969, suffering from a self-inflicted gunshot wound. He was then arrested by New Orleans police, and transferred to the parish prison three days later. He was evidently extradited to Pensacola, Florida, on May 12, 1969, and confessed eight days later. He remained in uninterrupted custody for over three months prior to his confession.

There is no reference in the record to any State proceeding, and there is raised on this appeal no allegation of unlawful detention or unnecessary delay in presentment to a magistrate. The long period of detention is set out as an indication of the stress claimed by appellant. This type of factual issue can best be

determined by observing the demeanor of the witness and evaluating his credibility. On the present record we cannot set aside the district court's factual findings.

█ We conclude that Abigando's confession in which he implicated himself as to both counts of the indictment was made voluntarily.

### III.

Abigando contends that the Government failed to prove that the 1965 Chevrolet was a "motor vehicle" within the contemplation of 18 U.S.C. § 2312. This term is defined in 18 U.S.C. § 2311: " 'Motor vehicle' includes an automobile, automobile truck, automobile wagon, motorcycle, or any other self-propelled vehicle designed for running on land but not on rails."

█ When the Chevrolet was recovered it had no motor, and, therefore, appellant argues, it could not be self-propelled. But this argument must fail because Abigando confessed he stole the vehicle in New Orleans, and that he, with another person, drove it to Pensacola. This establishes that the 1965 Chevrolet was a "motor vehicle" at the time of its interstate movement. Whether the vehicle was transported with its original motor or another will not defeat the application of the statute here.[2]

### IV.

With respect to the Mustang, the Government faced a two-pronged burden of proof. In order to sustain a conviction on this count, it was necessary to show not only that Abigando had possession of this vehicle, but also that at some point the vehicle was transported out of the State of Alabama.

█ Abigando's fingerprint on the Mustang, his wife's prescription bottle found on the rear floorboard, and the testimony of the witnesses who stated they saw Abigando in Florida with a similarly described vehicle would be insufficient to establish possession and interstate transportation. Proof that the accused was often in the company of one who had stolen cars has been held insufficient, even though the accused's fingerprints were found on the vehicle. Camilla v. United States, 6 Cir. 1953, 207 F.2d 339. Possession is not established by being seen in the passenger side of the automobile. Allison v. United States, 10 Cir. 1965, 348 F.2d 152. A recent Fifth Circuit case, Fitzpatrick v. United States, 1969, 410 F.2d 513, held that two defendants could not be convicted though they were riding in a recently stolen vehicle and ran from the scene when it was involved in an accident. They claimed they were hitchhikers, but the person whom they alleged was the operator was never seen or found. The Court of Appeals ruled that possession means more than being in or around a vehicle.

We think that, without the confession, there is no sufficient proof that the Mustang ever left Alabama. In Tyler v. United States, 10 Cir. 1963, 323 F.2d 711, the defendant stole a 1956 Lincoln in Dallas, Texas. He was test driving the vehicle with the permission of a used car dealer and never returned. He was subsequently arrested in Oklahoma City after he had an accident while driving a 1956 Lincoln. The Court of Appeals reversed a Dyer Act conviction because there was no evidence to show that the stolen vehicle was the same one as was later found in the defendant's possession.

Because we have found Abigando's confession voluntary, we hold that the proof that he possessed the Mustang in Alabama was sufficient. However, since the proof that this vehicle was transported into the State of Florida is also dependent on his confession, we must

---

2. See United States v. Wallace, E.D. Tenn.1965, 254 F.Supp. 653, aff'd, 361 F.2d 494, and Earnhart v. United States, 1969, 135 U.S.App.D.C. 130, 417 F.2d 547, for convictions sustained where the parts of a stolen vehicle were combined with parts from other vehicles.

answer the question of whether or not each element of the offense charged must be established by evidence independent of the confession of the accused.

### V.

Appellant also challenges the sufficiency of the corroboration of his confession. We will discuss that question along with the permissibility of establishing an element of the corpus delicti through a confession.

■ It is well settled that the Government has the burden of introducing evidence in support of a confession or extra-judicial statement. Kelly v. United States, 10 Cir. 1957, 246 F.2d 864; Landsdown v. United States, 5 Cir. 1965, 348 F.2d 405. The purpose of this rule is to prevent defendants from being convicted solely on the basis of confessions, since this is considered an untrustworthy type of evidence. Opper v. United States, 1954, 348 U.S. 84, 75 S. Ct. 158, 99 L.Ed. 101.

■ The evidence corroborating a confession must tend to connect the accused with the crime. Corroboration can be held sufficient if the accused by his confession demonstrates knowledge of the time, place or method of the offense. United States v. Waller, 4 Cir. 1963, 326 F.2d 314.[3]

■ The F.B.I. agent who questioned Abigando told him that it was known that the 1966 Mustang was stolen in Mobile; that it was recovered in Alabama in a wooded area across the river from Cantonment, Florida; that the accused was seen driving a similar vehicle in Florida; that a fingerprint of his was taken from the Mustang; and that a prescription bottle belonging to Abigando's wife was found in the vehicle. In his confession, the facts matching the details of the offense as related by Abigando which had not been told to him were that the Mustang was stolen from a parking lot, that he found the keys within the vehicle, and that when the car was abandoned the battery had been disconnected and the ignition switch damaged.[4] This knowledge of details, when considered in conjunction with the fingerprint and prescription bottle, is sufficient to establish Abigando's confession as trustworthy. These facts demonstrate that Abigando had possession of the Mustang and knew it was stolen, and, in fact, that he had stolen it.

■ Requiring corroboration of a confession does not mean that the Government must introduce independent evidence on every element of the crime. Requiring independent proof of every element would go beyond the purpose of the rule which is intended to establish

---

3. An example of corroboration by knowledge of the accused is found in Mapys v. United States, 10 Cir. 1969, 409 F.2d 964, which dealt with the corroboration of admissions relevant to a Dyer Act prosecution.

   "While there is no direct evidence of Mapys' guilty knowledge of the interstate transportation of the stolen vehicle, we think the circumstances, along with the statements and admissions, are not only sufficient to establish this knowledge, but also corroborate his voluntary statements and admissions. At his request, he led the officers to the stolen car, which he entered for the purpose of obtaining his personal effects, along with those of his companions. Prior to obtaining these personal effects, without any assistance or direction, he located the stolen automobile among a large number of other authomobiles in the parking lot. After it was located by him, he acknowledged that he had ridden from Texas to New Mexico in it."
   409 F.2d at 967.

4. Concerning the 1965 Chevrolet, the agent told Abigando that it had been recovered in the possession of Burleson and that the agent knew of the arrangement to convert it to a racing car. Abigando then admitted he had stolen the car in New Orleans in the month of January and also stated that he had removed the transmission. The place and time of the theft and that the recovered car did not have a transmission were facts which the agent had not related to Abigando. These facts, combined with Burleson's testimony, were sufficient to corroborate the confession as to the Chevrolet.

the reliability of confessions. Landsdown v. United States, *supra,* 348 F.2d 405, 409; Smith v. United States, 1954, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192; Warzower v. United States, 1941, 312 U.S. 342, 61 S.Ct. 603, 85 L.Ed. 876. The Supreme Court has expressed the rule for corroboration as follows:

> "[C]orroborative evidence need not be sufficient, independent of the statements, to establish the *corpus delicti.* It is necessary, therefore, to require the Government to introduce substantial independent evidence which would tend to establish the trustworthiness of the statement. Thus, the independent evidence serves a dual function. It tends to make the admission reliable thus corroborating it while also establishing independently the other necessary elements of the offense. Smith v. United States [348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192]. It is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth. Those facts plus the other evidence besides the admission must, of course, be sufficient to find guilt beyond a reasonable doubt."

Opper v. United States, 1954, 348 U.S. 84, 93, 75 S.Ct. 158, 164, 99 L.Ed. 101.

Smith v. United States, cited in *Opper,* discusses the different standards for corroborating an admission and a confession.

> "In addition to differing views on the substantiality of specific independent evidence, the debate has centered largely about two questions: (1) whether corroboration is necessary for all elements of the offense established by admission alone [citations omitted], and (2) whether it is sufficient if the corroboration merely fortifies the truth of the confession, without independently establishing the crime charged [citations omitted]. We answer both in the affirmative. All elements of the offense must be established by independent evidence or corroborated admissions, but one available mode of corroboration is for the independent evidence to bolster the confession itself and thereby prove the offense 'through' the statements of the accused."

348 U.S. at 156, 75 S.Ct. at 199.

▮ The rule is that where an admission is involved, there must be corroboration of the elements covered by the admission in order to prove those elements plus independent proof of the other elements of the offense. But a confession can be corroborated by bolstering parts of it to show trustworthiness. Some elements can be proved by the confession alone.[5]

Having found Abigando's confession to be voluntary and trustworthy, we hold that the proof that the Mustang was moved in interstate commerce is legitimately supplied by his confession that he and another drove this vehicle from Mobile to Pensacola.

### VI.

▮ ▮ Abigando makes two contentions of error as to instructions to the jury regarding possession of stolen

---

5. This interpretation is supported by an annotation on Corroboration of Confessions, 99 L.Ed. 110. That annotation contains a discussion of the significance of the word "confession" used by the Supreme Court in the above quotation from *Smith,* where it states "it is sufficient if the corroboration merely fortifies the truth of the confession."

"7. Note that the Supreme Court used the word 'confession': a 'confession,' by its nature, extends to all the elements of the corpus delicti, and, consequently, evidence fortifying the truth of the confession is ipso facto corroborative of all the elements of the offense, although it may not be sufficient, of itself, to establish such elements. On the other hand, independent evidence corroborative of an admission must (1) fortify the truth of the admission; (2) corroborate the elements of the offense established by the admission alone; and (3) establish other elements of the offense not shown by the admission." 99 L.Ed. 113, n. 7.

property.[6] Abigando contends that the instructions in effect assumed possession because they set out the permissible inferences from possession without defining the term. To have done so would be error since this would have removed from the jury the issue of whether or not the vehicles were ever possessed by Abigando. Barnes v. United States, 5 Cir. 1965, 341 F.2d 189, 192. This contention must fail here, however, because the instruction required proof of possession by Abigando and described possession as follows:

"A person is in possession of property within the meaning of that word as used in these instructions when he knowingly has direct physcial control over a given thing at a given time either alone or with another person."

Abigando also argues that the evidence of possession of the vehicles was insufficient and, therefore, the court committed error by instructing the jury that it could infer interstate transportation from possession. As noted above, proof of possession and interstate transportation of the Mustang could not be established solely by the presence of Abigando's fingerprint on the car and his wife's prescription bottle found on the rear floorboard. This would be insufficient even when considered with the testimony which placed Abigando in possession of a similar vehicle in Florida. However, with the confession also before the jury, the proof of possession and of interstate transportation was sufficient. As for the Chevrolet, there was more than sufficient evidence of possession, supplied by the testimony of Burleson, to instruct the jury on the inferences arising from possession.

The evidence was sufficient to support the conviction on both counts of the indictment.

Affirmed.

6. The unexplained possession of a recently stolen vehicle gives rise to the inference that the possessor had guilty knowledge that the vehicle was stolen. Barfield v. United States, 5 Cir. 1956, 229 F.2d 936. If the accused is found in possession of a recently stolen vehicle in a state other than the situs of the theft, such unexplained possession may justify the finding that the possessor not only knew the vehicle was stolen but participated in the interstate transportation. Battaglia v. United States, 4 Cir. 1953, 205 F.2d 824. The jury instructions accurately set out these principles of law.