**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ralph Leavern McKLEMURRY, Defendant-Appellant.**

**No. 71–1155.**

United States Court of Appeals, Fifth Circuit.

June 7, 1972.

John C. Ciolino, New Orleans, La. (court appointed), for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cozalas, Asst. U. S. Atty., Robert L. Livingston, Jr., New Orleans, La., for plaintiff-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Ralph Leavern McKlemurry was convicted by a jury on all counts of a seven count Dyer Act indictment, each count representing a different stolen automobile. We affirm.

### I.

McKlemurry argues that the vehicle described in Count 1 of the indictment was not a "motor vehicle" within the definition of 18 U.S.C. § 2311 because it had no motor at the time it was recovered by police. This hypertechnical, though novel, interpretation of § 2311 runs afoul of the clear intent of Congress in passing the Dyer Act. The Supreme Court in United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957), commented that "professional thieves resort to innumerable forms of theft and Congress presumably sought to meet the need for federal action effectively rather than to leave loopholes for wholesale evasion." (p. 416, 77 S.Ct. p. 402). Justice Frankfurter in his dissent agreed that "penal legislation should not be artificially restricted so as to allow escape for those for whom it was with fair intendment designed." (p. 418, 77 S.Ct. p. 403).

This Court, in holding that a bulldozer is a motor vehicle within the contemplation of the Act, has stated that " 'Motor

vehicle' is after all merely a descriptive or generic term." United States v. Mc-Glamory, 441 F.2d 130, 133 (5th Cir. 1971). To allow car thieves to escape prosecution by the simple device of removing the car's engine would eviscerate the Act and frustrate the intent of Congress. We therefore reject appellant's argument.

## II.

The vehicle described in Count 3 of the indictment was a 1967 Plymouth Barracuda which McKlemurry had sold to a Mr. Ronald Poche. Appellant claims that police were led to Poche, and so to the 1967 Barracuda, by documents uncovered during an illegal search of his trailer. The government concedes that the search was illegal, since it was conducted under authority of an invalid warrant. However, the record does not support appellant's contention that "fruit of the poisonous tree" was used to obtain the conviction under Count 3.

When Ronald Poche heard that McKlemurry had been arrested, he called the sheriff's office and asked the sheriff to run a tracer on the Barracuda he had purchased to see whether or not it was stolen. Sheriff's deputies then confiscated the automobile from Poche. The authorities having obtained the incriminating automobile by legal means, it is of no consequence that illegally obtained evidence would also have led them to it. United States v. Ottis Mayo Jones, 457 F.2d 697 (5th Cir. 1972).

## III.

Appellant's final contention is that on the night of June 25, 1969, a warrantless entry of his property was made at which time the vehicles described in Counts 1, 6 and 7 were observed and identified. Appellant urges that this was an illegal search and that all testimony regarding the vehicles in Counts 1, 6 and 7 should have been suppressed.

The record refutes appellant's argument. The observations made on the night of June 25th were made from the public street in front of Mc-Klemurry's residence. There was no intrusion onto defendant's property. In fact, the investigating officers never got out of their car. The vehicles in question were plainly visible from the street. When a law enforcement officer who has a right to be where he is simply observes that which is in his plain view, there is no illegal search. United States v. Knight, 451 F.2d 275 (5th Cir. 1971); United States v. Self, 410 F.2d 984 (10th Cir. 1969).

Affirmed.