**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Alios STETTMEIER, aka Alex Stettmeier,
Defendant-Appellant.**

No. 71-2680.

United States Court of Appeals,
Ninth Circuit.

June 28, 1972.

IV Wigmore, Evidence § 1048, at 5, 6 (3d Ed. 1940) (emphasis original). *Cf.*

IX Wigmore, Evidence § 2494 (3d Ed. 1940).

Allen B. Bickart (argued), of Kanne & Bickart, Phoenix, Ariz., for defendant-appellant.

Fred C. Mather, Asst. U. S. Atty. (argued), William C. Smitherman, U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before HAMLEY and GOODWIN, Circuit Judges, and McGOVERN, District Judge.*

PER CURIAM:

Alios Stettmeier appeals from a judgment and sentence entered upon his conviction for a violation of the Dyer Act (18 U.S.C. §§ 2311, 2312), the interstate transportation of a stolen airplane. The case was tried to the court.

The facts are that in April of 1969, a Cessna 182F airplane was stolen in Lebanon, Missouri. Stettmeier was advised that the aircraft was stolen, yet he took possession of it, partially stripped it, and painted it a different color. About July 15, 1970, the stolen aircraft was transported from Las Cruces, New Mexico, to Scottsdale, Arizona. Stettmeier was arrested in the airplane on the following day.

Two issues are presented for review. The first is whether the aircraft seized by the Government and utilized as its principal exhibit was an aircraft within the purview of 18 U.S.C. § 2312.

Stettmeier argues that since an aircraft is defined in 18 U.S.C. § 2311 as "any contrivance now known or hereafter invented, used, or designed for navigation or for flight in the air," and since the only parts of the aircraft that were identifiable as stolen were the fuselage, tail assembly, instrument panel and the wings, and since the craft could not fly with only those parts, then the recovered machine was not an aircraft within the meaning of the Act. He cites United States v. Wooten, 239 F.Supp. 123 (E.D.Tenn.1965); Murphy v. United States, 206 F.2d 571 (5th Cir. 1953); and United States v. Casey, 428 F.2d 229 (5th Cir. 1970). In essence, his argument is that unless you catch the thief before he starts swapping the parts of a stolen aircraft, you cannot convict him under the Dyer Act.

We hold otherwise. While criminal statutes are generally strictly construed, such a statute need not be given its most narrow construction. *See* United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957). In United States v. Wallace, 254 F.Supp. 653 (E.D.Tenn.1965), aff'd 361 F.2d 494 (6th Cir. 1966), the court held that the Dyer Act should be construed in such a way as to cut off interstate thefts. The court there instructed the jury that it was enough to show that only some of the major parts of the vehicle in question were stolen. Such a showing was made here. That appears to be a reasonable interpretation, for to hold otherwise would be to decimate the Act.

Stettmeier next argues that the Government failed to prove the essential elements of the crime, which are:

1. That the aircraft had been stolen;

2. That the accused transported it in interstate commerce;

3. That he knew it had been stolen at the time of such transportation; and

4. That the defendant had the intent to permanently or temporarily deprive the owner of the rights and benefits of ownership.

The record clearly indicates otherwise. Norman Lee Howard testified that he stole the airplane at Lebanon, Missouri sometime between April 26 and April 30, 1969, and that he thereafter turned it over to the defendant who knew that it had been stolen. The record shows that the defendant then used it for his own purposes, changed the engine and painted the aircraft a different color.

* The Honorable Walter T. McGovern, United States District Judge for the Western District of Washington, sitting by designation.

**438**

While there was no direct evidence showing that Stettmeier had transported the aircraft in interstate commerce, the circumstantial evidence before the court was sufficient in law to sustain such a finding. Stettmeier had possession of the aircraft, was observed flying it on different occasions, and was seen with the airplane on July 14th and July 16th in two different states. In Sablan v. People of Territory of Guam, 434 F.2d 837, 839 (9th Cir. 1970), this court held that the proper test for guilt founded upon circumstantial evidence is "not whether the evidence excludes every hypothesis except that of guilt but, rather, 'whether the jurors could reasonably arrive at (their) conclusion.'" (434 F.2d at 839). Contrary to defendant's contention, we hold that this test applies whether the trier of fact is a jury or, as here, the trial judge. A reasonable inference for the trier of fact to arrive at in this case is that Stettmeier transported the airplane from New Mexico to Arizona, knowing that the airplane had been stolen.

Affirmed.