PEOPLE v BOSCAGLIA

Docket No. 70529. Argued January 5, 1984 (Calendar No. 10).—Decided November 19, 1984.

Andrew Boscaglia was charged with possession of a stolen motor vehicle with intent to pass title. The Recorder's Court of Detroit, Robert L. Evans, J., granted the defendant's motion to quash the information on the ground that the necessary elements of the crime were not present, because only the cab and not the chassis of a pickup truck which the defendant offered for sale had been stolen. The Court of Appeals, T. M. Burns, P.J., and M. F. Cavanagh and Benson, JJ., affirmed (Docket No. 53595). The people appeal.

In an opinion by Justice Brickley, joined by Chief Justice Williams and Justices Kavanagh, Levin, Ryan, and Boyle, the Supreme Court *held:*

The mounting of a stolen cab on the chassis of a pickup truck which is not stolen does not render the vehicle a stolen motor vehicle under the Michigan Vehicle Code.

1. A motor vehicle is a vehicle which is self-propelled or a vehicle not operated upon rails propelled by extra-vehicle electric power. A stolen motor vehicle thus is a stolen self-propelled vehicle. A vehicle need not be immediately operable to meet the definition of motor vehicle, but it must be made up of the major essential parts of a self-propelled vehicle. The obvious meaning of a stolen motor vehicle is a vehicle the essential major elements of which have been stolen.

2. In this case, the stolen cab could not be self-propelled, nor could it be titled as a motor vehicle. Possession of the cab alone would not amount to possession of a stolen motor vehicle. Although the pickup truck in question, minus the cab, might meet the definition of a motor vehicle, the stolen cab minus the rest of the unit does not, and the addition of the stolen cab did not change the character of the remaining parts. The truck is a vehicle that includes a stolen part, but it is not a stolen motor vehicle.

Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 7A Am Jur 2d, Automobiles and Highway Traffic §§ 1, 348, 349.

120 Mich App 15; 327 NW2d 383 (1982) affirmed.

1. CRIMINAL LAW — STOLEN MOTOR VEHICLE.

A chassis of a pickup truck on which a stolen cab was mounted was not thereby rendered a stolen motor vehicle (MCL 257.33, 257.254; MSA 9.1833, 9.1954).

2. CRIMINAL LAW — STOLEN MOTOR VEHICLE.

A motor vehicle is a self-propelled vehicle; although it need not be immediately operable to meet the definition of a motor vehicle, it must be made up of the major essential parts of a self-propelled vehicle, and for it to be a stolen motor vehicle, it must be a vehicle the essential major elements of which have been stolen (MCL 257.33, 257.254; MSA 9.1833, 9.1954).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

*R. Burke Fossee (Frank N. MacLean,* of counsel) for the defendant.

BRICKLEY, J. Defendant was charged with possessing a stolen vehicle with intent to pass title. The vehicle was a pickup truck made up of a stolen cab and its appurtenances mounted on a non-stolen chassis powered by a non-stolen engine and drive train.

The issue, of first impression, is whether the stolen cab is sufficient to make the truck a stolen motor vehicle within the meaning of MCL 257.254; MSA 9.1954. We hold that it is not.

In May, 1980, a police officer observed what he concluded to be a 1980 Chevrolet pickup truck in the defendant's driveway with a "For Sale" sign displayed in the window. Further investigation satisfied the officer that the body (the cab) belonged to a 1980 truck stolen from an auto dealer and that it was now mounted on a properly titled

1979 vehicle registered in the name of the defendant. It is not charged that the motor, frame, or drive train were stolen.

The defendant was charged with violating MCL 257.254; MSA 9.1954, which provides:

"Any person who shall knowingly * * * with intent to procure or pass title to a motor vehicle which he knows or has reason to believe has been stolen, * * * receive or transfer possession of the same from or to another * * * shall be deemed guilty of a felony and upon conviction shall be punished by a fine of not more than $5,000.00 or by imprisonment in any penal institution within the state for not more than 10 years, or both, in the discretion of the court."

The Michigan Vehicle Code, MCL 257.1 *et seq.;* MSA 9.1801 *et seq.,* additionally provides a definition of a motor vehicle:

"The following words and phrases as defined in this chapter and as herein enumerated when used in this act shall, for the purpose of this act, have the meanings respectively ascribed to them in this chapter." MCL 257.1; MSA 9.1801.

" 'Motor vehicle' means every vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from over-head trolley wires, but not operated upon rails." MCL 257.33; MSA 9.1833.

The examining magistrate bound the defendant over to the circuit court for trial. The circuit court granted defendant's motion to quash the information on the ground that since only the cab was shown to have been stolen, the necessary elements of the crime were not present. The Court of Appeals affirmed the decision of the trial court, 120 Mich App 15; 327 NW2d 383 (1982), holding that a truck with a stolen cab did not constitute a stolen motor vehicle within the meaning of the statute.

We granted the people's application for leave to appeal. 417 Mich 1042 (1983).

The prosecutor urges our acceptance of the "major parts" test as developed in a line of federal cases interpreting the Dyer Act, 18 USC 2311-2313, which prohibits interstate transportation of stolen motor vehicles. See, generally, Anno: *What Constitutes "Motor Vehicle" Within Meaning of National Motor Vehicle Theft Act (Dyer Act) (18 USCS §§ 2311-2313)*, 15 ALR Fed 919. The definition of motor vehicle in the Dyer Act is quite similar to ours.

" 'Motor vehicle' includes an automobile, automobile truck, automobile wagon, motorcycle, or any other self-propelled vehicle designed for running on land but not on rails".

In *United States v Wallace*, 254 F Supp 653 (ED Tenn, 1965), *aff'd* 361 F2d 494 (CA 6, 1966), the defendant purchased a wreck in Tennessee. He combined the wreck with the major parts of an automobile which had been stolen in Georgia. The district judge was held to have properly instructed the jury when he stated: "So, if you should find that the motor vehicle involved in this litigation included major parts which were stolen, it is no defense that some of its parts were not stolen."

Perhaps the most influential case is *United States v Neville*, 516 F2d 1302 (CA 8, 1975), *cert den* 423 US 925 (1975), where the Eighth Circuit Court of Appeals applied the major-parts test[1] and held it was for the jury to define the term because

---

[1] The district court instructed the jury as follows:

" 'The term "motor vehicle" includes an automobile, truck, or any self-propelled vehicle designed for running on land but not on rails.

\* \* \*

"It is an essential element of the crime charged that the pickup trucks involved had been "stolen." In determining whether the

it was not a statutory term and not a word of art. The court opined that without " 'major parts' of a vehicle being encompassed within the definition of 'motor vehicles' enforcement of the Act might be foreclosed simply whenever a thief swaps stolen parts before being caught". The court further found that "Congress intended no such impediment to enforcement". This conclusion was based on the decision of the United States Supreme Court in *United States v Turley*, 352 US 407; 77 S Ct 397; 1 L Ed 2d 430 (1957), where the Court found a legislative intent that the meaning of the word "stolen" in the Dyer Act was to be broadly interpreted to include embezzlement.[2]

The federal courts have not been unanimous in the application of the *Wallace-Neville* view. One month prior to the *Wallace* decision, in *United States v Wooten*, 239 F Supp 123, 124 (ED Tenn, 1965), the district court in a factual situation analogous to ours held:

pickup trucks had been stolen, the Court instructs the Jury that whenever one person's motor vehicle is acquired or is thereafter possessed * * * with the intent to deprive the owner of the right and benefits of ownership, such motor vehicle is "stolen" as that term is used in these instructions.

"In this connection you are instructed that *if you find as to any count that the motor vehicle described therein was stolen and that thereafter the major parts of said stolen motor vehicle were combined with the major parts of one or more other motor vehicles into one rebuilt motor vehicle which was thereafter transported in interstate commerce, then you may find that the rebuilt motor vehicle is the stolen motor vehicle described* in said count which the defendant is charged with transporting' ". *Neville, supra*, p 1305, fn 3.

[2] Thus, Congress's intention of an expansive definition of "stolen" was transformed into an intent to expansively define a "stolen motor vehicle". One must wonder at the concern about the "impediment to enforcement" when there is another federal statute dealing with the interstate transfer of stolen goods that carries a penalty twice that of the Dyer Act. See *United States v Ogden*, 703 F2d 629 (CA 1, 1983), where the defendant's conviction of transporting stolen goods under 18 USC 2315 was upheld even though the court found that the stolen truck parts he transported would have sustained a charge under the Dyer Act.

"The Court is of the opinion that a body of an automobile is not a self-propelled vehicle within the meaning of this statute. This case has given the Court more than usual concern. The Court is satisfied beyond a reasonable doubt that the proof shows that these defendants stole, or caused to be stolen, this * * * automobile, that they legitimately purchased an automobile from Vasper Jones which had been wrecked by the original owner, Mr. Eledge; and that they placed or caused to be placed the body from the stolen automobile on the frame of the Eledge automobile."

In *United States v Bishop,* 434 F2d 1284, 1287 (CA 6, 1970) (the Circuit that decided *Wallace),* the defendant was found in possession of a stolen engine block. The court upheld the defendant's conviction, however, because there was sufficient evidence to find that the defendant transported the entire car. The court stated:

"[The Dyer Act] makes unlawful the transportation of a 'motor vehicle'. It does not separately make unlawful the transportation of one of the parts of such a vehicle, knowing it to have been stolen. Similarly, the definition section of the Dyer Act does not independently define the major parts of an automobile, but rather defines a motor vehicle as 'an automobile, automobile truck, automobile wagon, motorcycle, or any other self-propelled vehicle designed for running on land but not on rails.' " *Id.,* p 1287.

While we find no direct authority on this matter in our own state,[3] we do note several decisions from other states. In *Kash v State,* 163 Ind App 422; 324 NE2d 522 (1975), the defendant affixed a

[3] Prior to its decision in the present case, the Michigan Court of Appeals has spoken only on matters of general definition. In *Travelers Indemnity Co v Duffin,* 28 Mich App 142; 184 NW2d 229 (1970), rev'd 384 Mich 812 (1971), an action to recover under an insurance policy, it was necessary to determine whether the party at fault owned his own automobile. The vehicle in question had no engine or wheels. The Court of Appeals held it was not an automobile, stating it

stolen camper to a pickup truck. The court held the camper was not a stolen motor vehicle under a statute which defined a vehicle as a device for transportation having independent power. Since the camper did not have a source of power, it could not be a vehicle.

In *State v Macomber,* 269 Or 58; 523 P2d 560 (1974), the defendant was convicted of exercising unauthorized control over a motor vehicle because the defendant possessed a large number of parts of a stolen truck. The conviction was reversed by the Oregon Supreme Court on the ground that there was no evidence that the defendant exercised control over the truck before it was cut apart. In other words, the court concluded that possessing parts of a disassembled stolen motor vehicle was not the equivalent of possessing a motor vehicle. Implicit in the decision is the conclusion that the stolen items must be at least near to being functional.

In the case at bar, there can be no doubt that the stolen cab alone could not be self-propelled nor could it be titled as a motor vehicle. The prosecutor admits that if the cab alone was possessed, it

had "no functional similarity" to an automobile because it was incapable of "independent movement".

In *People v Matusik,* 63 Mich App 347; 234 NW2d 517 (1975), the Court of Appeals had to decide whether the defendant should have been charged with breaking and entering a building or a motor vehicle. The automobile in question was complete, except that all the tires were flat and the owner had never attempted to start the engine. The Court found that only a permanent change in a vehicle would make it a building, and therefore it was still a motor vehicle. The Court relied on *State v Ridinger,* 364 Mo 684; 266 SW2d 626 (1954), where the defendant was convicted of tampering with a motor vehicle even though the vehicle in question did not have a hood or left front wheel and did not run. In sustaining the conviction, the Court stated that the fact that the vehicle was inoperable did not make it less a motor vehicle.

Although *Matusik* could be considered instructive as to the meaning of "self-propelled" it offers no guidance as to what constitutes a stolen motor vehicle.

would not amount to the possession of a stolen motor vehicle. The people's case then really rests on the argument that a motor vehicle that has not been stolen can become a stolen motor vehicle by the addition of a stolen "major part".

In asking us to adopt this view, the prosecutor also argues that the object of the Michigan Vehicle Code is to provide for " 'the registration, titling, sale, transfer, and regulation of vehicles operated upon the public highways of this State' [and that] the 'evil' or 'mischief' that [this statute] is designed to penalize is the transfer of title of a stolen motor vehicle". Thus, it is contended, if this motor vehicle is not considered to be a stolen motor vehicle, then it will be possible to pass lawful title to vehicles containing stolen parts.

It is well settled that criminal statutes are to be strictly construed, absent a legislative statement to the contrary. *People v Dempster,* 396 Mich 700; 242 NW2d 381 (1976). We should not try to find broader purposes and interpretations when the statutory words are clear and specific. The Legislature specified as one element of this crime the possession of a stolen motor vehicle. Therefore, we reject the plaintiff's version of the so-called major parts test, which appears to go beyond even the approach of the federal courts. As applied by the federal courts, that test raises doubts as to whether the word "major" refers to the number, size, or weight of the parts or a combination thereof; or whether the word "major", refers to those parts which, standing alone, would constitute the essentials of a self-propelled vehicle. It is the latter which focuses on the definition of a motor vehicle and, thereby, fulfills the requirement of our statute.

There is no indication that the present statute was intended to cover all the possible crimes deal-

ing with transfer of title or theft of automobile parts. To the contrary, this statute is only one part of an overall statutory scheme dealing with automobiles and stolen goods in general. See MCL 750.535; MSA 28.803, which prohibits receiving, possessing, and concealing stolen property, and MCL 750.415; MSA 28.647, which prohibits the removing and defacing of vehicle identification numbers on automobile parts and also prohibits the switching of parts that have vehicle identification numbers on them. If it is the intention of the Legislature to insure that no titled vehicle shall comprise any stolen parts, it need only say so.

We conclude that a stolen motor vehicle is what the statute says it is—a stolen self-propelled vehicle. While a vehicle does not have to be immediately operable to be a motor vehicle under the normal definition of a motor vehicle, it must be constituted in such a way that it contains the major essential parts of a self-propelled vehicle. Therefore, the obvious meaning of a *stolen* motor vehicle is a vehicle the essential major elements of which have been stolen. Although the truck before us, minus the cab, might be a motor vehicle under the act, the cab minus the rest of the unit clearly is not a motor vehicle. The addition of the stolen cab cannot change the character of the remaining parts of the vehicle. The truck certainly is a vehicle which includes a stolen part, but it is not a stolen motor vehicle.

Affirmed.

WILLIAMS, C.J., and KAVANAGH, LEVIN, RYAN, and BOYLE, JJ., concurred with BRICKLEY, J.

CAVANAGH, J., took no part in the decision of this case.