# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JUAN JOE CANTU,

Defendant-Appellant.

UNPUBLISHED
March 13, 2018

No. 335696
Kent Circuit Court
LC No. 95-003319-FC

---

Before: MARKEY, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's denial of his motion for resentencing for his convictions for kidnapping, MCL 750.349, and assault with intent to murder, MCL 750.83. The trial court sentenced defendant to 50 to 80 years' imprisonment for kidnapping and life in prison, with the possibility of parole, for assault with intent to murder. We affirm.

On November 12, 1995, defendant and his friend kidnapped and robbed Daniel VanTatenhove and Arthur Zima, Jr., and murdered VanTatenhove. At the time he committed the crimes, defendant was 16 years old. This Court, previously reviewing this case, described the incident as follows:

> Defendants kidnapped VanTatenhove and Arthur Zima, Jr., in Grand Rapids and, after robbing Zima, drove north to the Howard City area. Defendant Carter shot VanTatenhove four times and shot at, but missed, Zima. During the drive back to Grand Rapids, VanTatenhove, who had been placed in the vehicle's trunk, could be heard moaning. Once in Grand Rapids, defendants left Zima bound and gagged in a garage. Defendants continued driving around Grand Rapids, during which time VanTatenhove continued to moan. Zima eventually escaped from the garage, defendants were apprehended by the police, and VanTatenhove was discovered deceased in the vehicle's trunk. [*People v Carter*, unpublished opinion per curiam of the Court of Appeals, issued June 12, 1998 (Docket No. 197319), p 2.]

Defendant was convicted after a jury trial of felony murder, MCL 750.316; assault with intent to murder, MCL 750.83; armed robbery, MCL 750.529; two counts of kidnapping, MCL 750.349; and five counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to five concurrent terms of two years'

-1-

imprisonment for the felony-firearm convictions, the sentences to be followed consecutively by concurrent terms of life in prison without parole for the felony-murder conviction, life in prison for the assault with intent to murder conviction, 20 to 40 years' imprisonment for the armed robbery conviction, and 50 to 80 years' imprisonment for each kidnapping conviction.

This Court subsequently vacated defendant's conviction and sentence for the kidnapping of VanTatenhove, as well at the accompanying felony-firearm conviction and sentence, concluding that sentencing defendant for both felony murder, and the predicate felony of kidnapping the same victim, violated double jeopardy protections. *People v Carter*, unpublished opinion per curiam of the Court of Appeals, issued June 12, 1998 (Docket No. 197319), pp 3, 6.

Defendant later obtained resentencing in the trial court for his felony murder conviction pursuant to the United States Supreme Court decisions in *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), which held that mandatorily sentencing a juvenile to life without the possibility of parole was unconstitutional, and *Montgomery v Louisiana*, 577 US __; 136 S Ct 718; 193 L Ed 2d 599 (2016), which applied *Miller* retroactively. *People v Hyatt*, 316 Mich App 368, 383; 891 NW2d 549 (2016). Because defendant had received a sentence of mandatory life-without-possibility-of-parole for the felony murder conviction, defendant was entitled to resentencing on that conviction in light of *Miller* and *Montgomery*, as well as Michigan's legislative response to *Miller*, MCL 769.25a. The trial court subsequently resentenced defendant to 40 to 60 years' imprisonment for the felony-murder conviction, in accordance with MCL 769.25.

Defendant also sought resentencing on his convictions of kidnapping and assault with intent to murder, which defendant argued should be punishable only by sentences that are equal or lesser sentences than the newly-imposed sentence for the felony murder conviction. Defendant argued that it constituted cruel or unusual punishment under the Michigan Constitution to be given higher sentences for what generally are considered lesser offenses. Defendant also argued that MCL 769.25a encompasses "resentencing hearings," and thus was not limited to resentencing of the felony-murder conviction.

The trial court rejected defendant's argument and denied the motion for resentencing, finding the sentences defendant received to be "reasonable, proportional, and appropriate." The trial court stated that MCL 769.25a, *Miller*, and *Montgomery* applied only to sentences of mandatory life without the possibility of parole. The trial court also held that

> the Legislature made policy decisions in light of *Miller* and *Montgomery* and tailored a remedy for defendants who had invalid life-without-parole sentences. That this remedy did not include revisiting other sentences does not make those sentences invalid, cruel, or unusual. The sentences handed down for kidnapping and assault with intent to murder were validly imposed at the time and nothing changed in the law to make them invalid.

Defendant now contends on appeal that he is entitled to resentencing on his convictions for kidnapping and assault with intent to murder. Defendant reasons that his newly-lowered sentence for the felony murder conviction is lower than the sentences previously imposed upon him for his convictions for kidnapping and assault with intent to murder, rendering those

sentences disproportionate, and therefore violative of the Michigan constitutional prohibition against cruel or unusual punishment.

This Court reviews a sentence imposed by the trial court for an abuse of discretion. *Hyatt*, 316 Mich App at 423. "The limit on the judicial discretion to be exercised when imposing penalties is that the punishment should be proportionate to the offender and the offense. . . . Hence, appellate review of the sentence imposed is for abuse of discretion, to determine whether the sentence violates the principle of proportionality, 'which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *Id*., citing *People v Milbourn*, 435 Mich 630, 636, 651-652; 461 NW2d 1 (1990). In addition, we review constitutional questions de novo. *People v Swint*, 225 Mich App 353, 364; 572 NW2d 666 (1997).

The Eighth Amendment of the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." US Const, Am VIII. The Michigan Constitution provides even greater protection in this regard, stating: "Excessive bail shall not be required; excessive fines shall not be imposed; cruel or unusual punishment shall not be inflicted; nor shall witnesses be unreasonably detained." Const 1963, art 1, § 16. See *People v Nunez*, 242 Mich App 610, 618 n 2; 619 NW2d 550 (2000). In *Miller*, the United States Supreme Court considered an Eighth Amendment challenge to mandatory life-without-parole sentences for juvenile offenders in homicide cases, and concluded that because that sentence is the "harshest possible penalty," a sentencing scheme that mandates life-without-parole sentences for juvenile offenders violates the Eighth Amendment's prohibition against cruel and unusual punishment because it carries too great a risk of disproportionate sentencing. See *People v Garay*, 320 Mich App 29, 44; 903 NW2d 883 (2017).

In response to *Miller*, our Legislature enacted a statutory scheme, MCL 769.25 and 769.25a, to address the sentences of juveniles who had been mandatorily sentenced to life without the possibility of parole. Under MCL 769.25, if on resentencing a prosecutor declines to seek reinstatement of a defendant's sentence of life without parole, or if the trial court decides not to sentence a defendant to life without parole, the trial court must then sentence the defendant to "a term of imprisonment for which the maximum term shall be not less than 60 years and the minimum term shall be not less than 25 years or more than 40 years." See MCL 769.25(4) and (9).

Pursuant to *Miller* and MCL 769.25, defendant in this case was resentenced for his felony murder conviction to a term of years, instead of his previous sentence of life without possibility of parole. Defendant first argues that under these circumstances, MCL 769.25 impliedly provides resentencing opportunities for all his offenses. We disagree. When interpreting a statute, our responsibility is to determine and give effect to the intent of the Legislature; the most reliable indicator of that intent is the statutory language, which we view in context and must construe according to its plain and ordinary meaning. *People v Lowe*, 484 Mich 718, 721-722; 773 NW2d 1 (2009). When the language of a statute is unambiguous, courts must apply the language as written without further construction. *People v Borchard-Ruhland*, 460 Mich 278, 284; 597 NW2d 1 (1999). Moreover, absent a legislative statement to the contrary, criminal statutes are to be strictly construed. *People v Boscaglia*, 419 Mich 556, 563; 357 NW2d 648 (1984).

Defendant invites us to ignore that MCL 769.25 and 769.25a provide a remedy for juveniles sentenced through the operation of mandatory life-without-the-possibility-of-parole statutes. But MCL 769.25a does not entitle defendants to be resentenced on all convictions; instead it serves as a means by which the state can comply with *Miller*'s procedural requirements for those convicted of crimes of which one may be sentenced to life without the possibility of parole. MCL 769.25 specifically states the circumstances and the offenses for which a defendant may be entitled to resentencing under that statute. Defendant's convictions for kidnapping and assault with intent to murder are not among those articulated in the statute and therefore do not fall within the purview of MCL 769.25. Construing MCL 769.25 strictly, as we are bound to do, we conclude that it is inapplicable in defendant's quest for resentencing for his convictions for kidnapping and assault with intent to murder.

Defendant also argues that maintaining his current sentences for kidnapping and assault with intent to murder constitutes cruel or unusual punishment because the sentence for his felony-murder conviction, after resentencing pursuant to *Miller* and *Montgomery* (40 to 60 years), is now less than his sentences for kidnapping and assault with intent to murder. Defendant argues that the holding and spirit of *Miller* contemplate that the most serious penalties should be reserved for the most serious crimes. Defendant argues that felony murder is generally viewed as a more serious crime than either kidnapping or assault with intent to murder, and therefore the lesser charges must carry lesser penalties in order to be proportional, and therefore not cruel or unusual. Again, we disagree. The decision in *Miller*, applied retroactively by *Montgomery*, applies only to juveniles sentenced to life without parole. *Miller*, 567 US at 465. With regard to defendant's convictions for kidnapping and assault with intent to murder, defendant has not been sentenced to life without parole for those offenses. Accordingly, *Miller* and *Montgomery* do not entitle defendant to resentencing on these convictions.

Moreover, defendant does not contend that his sentences fall outside of the sentencing guidelines range or that the sentences were imposed in reliance upon inaccurate information in calculating the sentencing guidelines range. Accordingly, the sentences are presumptively proportional, and proportional sentences do not constitute cruel or unusual punishment. See *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008).

We also observe that in this case the sentences are proportional in light of the horrendous nature of the crimes committed. Because of the brutality of the facts surrounding the kidnapping and assault-with-intent-to-murder convictions, the trial court determined that lengthy sentences were not only reasonable but proportional, stating that "the kidnapping charge might be even more egregious than the felony murder charge" because the surviving victim had to witness the murder of his friend, survived an attempt on his own life, was then forced to place his friend in the trunk of the vehicle used in the commission of the crimes, heard his friend's moans during the return trip to Grand Rapids, and endured the fear that defendant would also succeed in killing him. The gravity of these "lesser offenses" of kidnapping and assault with intent to murder were not viewed as less important by the trial court in comparison to the felony-murder offense. Our review of the record indicates that the trial court appropriately considered the gravity of the crimes in fashioning defendant's punishment.

-4-

We conclude, as did the trial court, that the remedy mandated by *Miller* did not render defendant's other sentences either cruel or unusual, nor did *Miller* contemplate revisiting sentences other than mandatory life without the possibility of parole imposed upon a juvenile.

Affirmed.

/s/ Jane E. Markey
/s/ Michael F. Gadola